PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROGER JOHNSON, | ) | |
| | ) | CASE NO. 1:12cv2944 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Regarding ECF Nos. 16; 17] |

On August 30, 2013, Magistrate Judge Vernelis K. Armstrong issued a Report ("R&R") recommending that the decision of the Commissioner be affirmed. ECF No. 16. Plaintiff filed an objection (ECF No. 17), and Defendant responded (ECF No. 18). For the reasons that follow, the Court overrules Plaintiffs objections and adopts the R&R.

## I. Background[1]

Plaintiff initially filed an application for disability benefits in May 2005 alleging that he became unable to work due to his disabling condition. ECF No. 16 at 2. The ALJ denied Plaintiff's application, which became a final decision, after subsequent appeals, in 2008. ECF No. 16 at 2. Plaintiff filed a complaint in federal court, and in 2009 the magistrate judge reversed and remanded the Commissioner's decision for "reconsideration of Plaintiff's residual functional capacity, with proper consideration of the medical source opinions of Dr. Cheng and the State

---

[1] The R&R fully sets out the factual background which the Court incorporates herein. *See* ECF No. 16 at 2-26.

agency reviewing psychologists."[2] ECF No. 16 at 2; Tr. 370-378. Accordingly, the Appeals Council vacated the ALJ's decision for further instructions consistent with the order of the court. ECF No. 16 at 1-2.

Upon remand, the same ALJ determined that Plaintiff was not under a disability. ECF No. 16 at 10. The Appeals Council remanded the case to the Commissioner with further instructions, including assigning the case to a new ALJ and to conduct a more complete evaluation of the evidence. ECF No. 16 at 10-11; Tr. 356-47. The newly assigned ALJ determined that Plaintiff was not under a disability. ECF No. 16 at 15. The Appeals Council did not accept jurisdiction and the decision became the final decision of the Commissioner. ECF No. 16 at 15.

Plaintiff filed a Complaint with the instant Court, advancing eight reasons why the case should be reversed and remanded. ECF Nos. 1; 12; 16 at 29. The magistrate judge determined that the ALJ did not err, and recommended affirming the Commissioner's decision. ECF No. 16 at 43. Plaintiff filed an objection, wherein he argues that the magistrate judge erred in considering three of his reasons pertaining to: (1) obesity; (2) treating source opinions; and (3) mental impairment.[3] ECF No. 17 at 3.

---

[2] The parties had consented to the jurisdiction of the magistrate judge, rendering that opinion binding on the parties. Tr. at 371.

[3] Plaintiff, in his objection, listed four "legal issues for consideration," including the above-mentioned issue as well as "[w]hether the Commissioner erred as a matter of law in failing to properly evaluate the claimant's pain symptoms including his medications." ECF No. 17 at 3. However, Plaintiff fails to make a separate argument relating to the ALJ's evaluation of his pain symptoms and medication. Plaintiff does mention "pain" in relation to the weight the ALJ gave treating sources, which the Court considers, *infra*. ECF No. 17 at 5.

## II. Legal Standard

When an objection has been made to a magistrate judge's report and recommendation, the district court standard of review is *de novo*. Fed. R. Civ. Pro. 72(b)(3). A district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. *Id.* The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

When reviewing the Commissioner's conclusions regarding disability benefits, a court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Judicial review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir.2009). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)). Even if substantial evidence supports a claimant's position, the court cannot overturn the decision "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Procedural errors, however, can be a basis for overturning the decision of the

Commissioner, even if that decision is supported by substantial evidence. *See* *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

**III. Analysis**

**A. Obesity**

Plaintiff argues that the magistrate judge incorrectly stated that "SSR 02-1p 'requires Plaintiff to have another impairment of Listing-level severity in order for obesity to be considered.'" ECF No. 17 at 3. Plaintiff asserts that SSR 02-1p does not require the claimant to have a listing-level impairment. ECF No. 17 at 3. The Court notes that step SSR 02-1p provides for alternative ways obesity is evaluated, including when there is an impairment that meets the requirements of a listing, and when obesity may be considered along with other non-listing impairments to meet the requirements of a listing. SSR 02-1p, 2000 WL 628049, at *5.

The magistrate judge did consider whether the ALJ erred in failing to consider Plaintiff's alleged obesity combined with Plaintiff's non-listing-level impairments, *i.e.* his shoulder, neck and spine issues. ECF No. 16 at 31. Ultimately, the magistrate judge concluded that the ALJ 's failure to consider obesity was not in error because Plaintiff did not present evidence he had been diagnosed as obese; he did not demonstrate that obesity combined with other impairments was greater than the effects of each impairment separately; the physicians did not find that a combination of his impairments imposed work-related limitations; and that Plaintiff did not testify that obesity imposed any work-related limitations. ECF No. 16 at 31-32. This was not in error. *See* *Young v. Comm'r of Soc. Sec.*, 2011 WL 2182869, at *7-9 (N.D.Ohio June 6, 2011) (rejecting the portion of the magistrate judge's report pertaining to obesity, the district court

found that the ALJ was not required to consider obesity when the plaintiff had not been diagnosed with obesity; did not allege obesity as an impairment; did not "complain of obesity in his testimony before the ALJ"; and did not provide any evidence that obesity affected his ability to work); *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. App'x. 411, 416 (6th Cir. 2011) (rejecting claimant's argument that the ALJ failed to consider her obesity because claimant did not list obesity as a problem, present physician evidence describing her as obese, or evidence that obesity caused limitations or "exacerbated her other conditions"). *See also* *Lucas v. Astrue*, 2013 WL 1150026, at *6 (N.D.Ohio Feb. 15, 2013) ( "SSR 02–lp does not mandate a particular mode of analysis for an obese disability claimant and does not establish whether obesity is a severe impairment or whether it correlates with any degree of functional loss. Rather, the Ruling simply recognizes that 'obesity, in combination with other impairments, "may" increase the severity of the other limitations,'" quoting *Bledsoe v. Barnhart*, 165 Fed. App'x 408, 412 (6th Cir. 2006)) (internal citations omitted).

**B. Treating Physician**

Plaintiff argues that the magistrate judge erred in finding sufficient the ALJ's reasoning regarding Plaintiff's treating physicians. ECF No. 17 at 4. Specifically, Plaintiff asserts that the ALJ's "blanket phrase that the medical evidence did not support the treating physician's opinions" does not fulfill the requirements of specific reasoning. ECF No. 17 at 4. Plaintiff also takes exception to the testimony of non-treating physician Dr. Goren regarding the surgery performed by treating physician Dr. Cheng. ECF No. 17 at 4.

Although Plaintiff states that the magistrate judge "missed the point of the argument" he

allegedly asserted regarding the treating physician rule, ECF No. 17 at 4, the magistrate judge did consider Plaintiff's arguments. ECF No. 16 at 35-37 (considering Plaintiff's argument that the ALJ did not give good reasons for assigning weight to Dr. Cheng's opinion and finding that the ALJ "followed the procedural process of identifying the reasons for discounting the opinions and explaining precisely how those reasons affected the weight given").[4] Beyond voicing his disagreement with the weight the ALJ gave to the physician opinions, Plaintiff does not articulate what he believes the magistrate judge missed. The Court finds that the magistrate judge properly considered Plaintiff's argument, and that the ALJ gave sufficient reasons for the weight he gave to the physician opinions.

Plaintiff also objects to the testimony of non-treating physician Dr. Goren. Plaintiff disagrees with Dr Goren's opinion about the surgery performed by Dr. Cheng. ECF No. 17 at 4-5. Plaintiff's disagreement with Dr. Goren's opinion does not make the ALJ's reliance on that opinion erroneous. Plaintiff's objections regarding the treating source opinions are overruled.

**C. Mental Impairment**

Lastly, Plaintiff argues that the "magistrate [judge] did not properly evaluate the evidence and address the mental limitations appropriately or in accordance with the remand order from the

---

[4] The Court notes that, contrary to Plaintiff's allegation, the ALJ indicated that he gave "[s]ome weight" to Dr. Cheng's opinion; noted what that opinion was ("the claimant cannot lift 10 pounds with his left arm below shoulder level and should avoid overhead activities (Exhibit 7F)"; indicated the opinion is "somewhat consistent with the record as a whole"; but that Dr. Cheng "gives no explanation as to why the claimant should avoid overhead activities with his dominant, uninjured arm." Tr. at 341. The ALJ also considered Dr. Goren's assessment of Plaintiff's shoulder condition post-surgery and Dr. Goren's opinion of the surgery, performed by Dr. Cheng, regarding the lack of revision surgery or reference to a specialist. Tr. at 339.

Appeals Council." ECF No. 17 at 6. Plaintiff argues that the magistrate judge erred in finding that the weight the ALJ gave to the physicians was appropriate. ECF No. 17 at 5. As noted, however, disagreement with the findings of the ALJ does not equate to ALJ error. Plaintiff has not pointed to a portion of the ALJ's decision that fails to apply the correct legal standard or is not supported by evidence. As the magistrate judge indicated, the Appeals Council, pursuant to the district court's remand, instructed the ALJ to consider the opinion of Dr. Wagner. ECF No. 16 at 43; Tr. at 346. The ALJ's reliance on Dr. Wagner's report from 2005 was not erroneous merely because it occurred six years prior to the hearing, as Plaintiff argues. ECF No. 17 at 5.

Moreover, although Plaintiff claims that the ALJ discounted Dr. Halas's 2011 GAF score of 45 by "a report generated six years earlier" (ECF No. 17 at 5), the record reflects that Plaintiff was given a GAF score of 63 in 2010 by Dr. Fischer. ECF No. 16 at 42; Tr. at 339, 499. The ALJ stated that, regarding Dr. Halas' low GAF score, "contemporary treatment records do not support such a drastic decrease in the claimant's level of functioning." Tr. at 341. Thus, it cannot be said that the ALJ relied on "old reports," as Plaintiff alleges. ECF No. 17 at 5-6. Rather, the ALJ found that the record suggested that Plaintiff's "mental symptoms are not as severe as alleged," and that the mental limitations opined by Dr. Cogan were not supported by the record. Tr. at 339, 341. Notably, although the Appeals Council's order of remand instructed the ALJ to order a new examination, which the ALJ did, the Appeals Council did not instruct the ALJ how to rule. Plaintiff's objections are overruled.

**IV. Conclusion**

For the aforementioned reasons, the Court overrules Plaintiff's objection and adopts the

R&R. ECF No. 16. The decision of the Commissioner is affirmed and the referral to the magistrate judge is terminated.

IT IS SO ORDERED.

September 27, 2013
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge